UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL PRODUCTS ASSOCIATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN BEHRMAN, et al. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: 1:16-cv-00194-RJL |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
RENEWED MOTION TO DISMISS AND
ALTERNATIVE MOTION TO QUASH SERVICE OF PROCESS**

In their Opening Memorandum, Defendants raised several arguments in support of their Renewed Motion to Dismiss and Alternative Motion to Quash Service of Process. Plaintiff, in opposition, does not address two of Defendants' arguments, including that Plaintiff's purported service of certain Defendants on July 5 failed to comply with Rule 4 and that Plaintiff is not allowed to "restart" the litigation to obtain personal jurisdiction over the Defendants by "re-serving" an amended complaint or by other post-complaint conduct. *See* Fed. R. Civ. P. 4(c)&(m); *Allen v. Russian Fed'n*, 522 F. Supp. 2d 167, 193 (D.D.C. 2007) (holding that "[w]hile the filing of a 'complaint' commences a lawsuit, it does not follow that the filing of an 'amended complaint' creates a new lawsuit," and, therefore, "personal jurisdiction contacts are determined at the time the initial complaint is filed, and that does not change even when an amended complaint is filed"). Plaintiff also does not provide any additional authority or argument regarding Defendants'

contention that the Amended Complaint should be dismissed under Rules 12(b)(2) and 12(b)(6).

Plaintiff purports to address Defendants' position that service should be quashed under the exception established in the *K-Mart* and *Coyne* cases—suggesting that those cases are distinguishable and apply only where the plaintiff invites settlement discussion. Plaintiff, however, cites no authority or basis for this limited interpretation. In addition, while Plaintiff purports to address Defendants' argument based upon the fiduciary shield doctrine, Plaintiff fails to provide any additional authority or argument not already addressed by Defendants in their May 5, 2016 Reply Memorandum in support of their Motion to Dismiss the Amended Complaint. [Doc. No. 38].

Accordingly, Defendants' Renewed Motion to Dismiss and Alternative Motion to Quash Service of Process should be granted for the reasons set forth in their Opening Memorandum and in their April 4, 2016 Memorandum and May 5, 2016 Reply Memorandum in support of their Motion to Dismiss the Amended Complaint. [Doc. Nos. 24-1, 38, and 54-1].

Dated: August 15, 2016                    Respectfully submitted,

/s/ Constantinos G. Panagopoulos
Constantinos G. Panagopoulos
(Bar No. 430932)
Theodore R. Flo (Bar No. 979374)
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC  20006-1157
Telephone:  (202) 661-2202
Facsimile:  (202) 661-2299
Email: cgp@ballardspahr.com
Email: flot@ballardspahr.com

and

David R. Marshall (MN Bar No. 0184457)
Leah C. Janus (MN Bar No. 0337365)
Kyle W. Ubl (MN Bar No. 0395872)
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  (612) 492-7000
Email: dmarshall@fredlaw.com
Email: ljanus@fredlaw.com
Email: kubl@fredlaw.com

*Attorneys for Defendants Carolyn Behrman, Donelson Caffery, Claudia David-Roscoe, Frances Drennen, Howard Pollack, Ben Henderson, Angie O'Pry-Blades, and Stephen Distefano*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was electronically filed via CM/ECF with notice of same being electronically served by the Court on all parties.

Dated: August 15, 2016                     /s/ Constantinos G. Panagopoulos
                                                          Constantinos G. Panagopoulos
                                                          (Bar No. 430932)

59424359